IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |
| v. | ) Criminal No. 23-35 ) ) |
| GERALD UNDERWOOD | ) ) |
| Defendant. | ) |

**ORDER**

Gerald Underwood, proceeding pro se, has filed Motions to Subpoena Witness Documents. ECF No. 89 & 129. He requests that James Crawford, a person who was allegedly present on the date that Mr. Underwood was arrested, be present as a witness at trial. Mr. Underwood proffers that Mr. Crawford will be able to "shed light on the events of the night in question" and testify to not hearing shots fired. *Id.*

The Court presumes that Mr. Underwood's Motion is brought under Federal Rule of Criminal Procedure 17(b), which states:

> **(b) Defendant Unable to Pay.** Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Fed. R. Crim. Proc. 17(b).

Rule 17(b) does not create an absolute right to have a witness produced at the government's expense; rather, it is within the Court's discretion whether the requested witness is

necessary to an adequate defense. "The district court is afforded great latitude in weighing factors such as timeliness, materiality, relevancy, competency, practicality, and utility, as a means of determining whether a subpoena request is well founded." *United States v. Spence*, No. 2:09CR105, 2014 WL 11514590, at *1 (W.D. Pa. May 12, 2014).

Here, Mr. Underwood has proffered that Mr. Crawford was present on the night in question and will testify as to the events that night, as well as specifically testifying that he did not hear shots fired. Such proffer weighs in favor of granting the request to subpoena Mr. Crawford. However, Mr. Underwood has not provided an address or location for Mr. Crawford. Therefore, the Motions will be denied without prejudice.

Accordingly, this 4th day of June 2025, Mr. Underwood's Motions seeking a subpoena for a witness are DENIED without prejudice.

/s/ *Marilyn J. Horan*
United States District Judge

Gerald Underwood, pro se
Butler County Prison
202 S. Washington Street
BUTLER, PA  16001-5721